IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN, et al,

        Plaintiffs,                    No. CIV S-11-1907 EFB P

    vs.

G.A. THUMSER, et al.,

        Defendants.              ORDER

_____/

      Pending before the court is plaintiff Thomas Heilman's civil rights complaint, purportedly brought on behalf of nine other plaintiffs, who are all currently incarcerated at California Medical Facility. Also pending is Heilman's motion for a court order permitting the plaintiffs to meet to discuss this action, and a motion for leave to proceed in forma pauperis.

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

The complaint filed in this action is signed by plaintiff Thomas Heilman, who identifies himself as a the "lead plaintiff" in this action. *See* Dckt. No. 1 at 8, 19. However, this action may not proceed as a class action. Heilman, who is incarcerated and proceeding pro se, cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (stating that a party must assert his own rights, not those of third parties) (citing *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 80 (1978)); *Warth v. Seldin*, 422 U.S. 490, 499 (1974) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'"); *see also Swygert v. Veal*, 2008 U.S. Dist. LEXIS 34655, 2008 WL 724193, at *3 (E.D. Cal. Mar. 17, 2008) ("It is well established that a layperson cannot ordinarily represent the interests of a class. . . . This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se."). Moreover, plaintiff has not complied with the requirements of Rule 23. This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff, Thomas Heilman.

The additional nine plaintiffs, who have filed declarations consenting to "being included" in this litigation, may not be joined in this action, and instead, must proceed with their own separate lawsuits. *See* Dckt. No. 1 at 23-30. Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for

dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). However, actions brought by multiple prisoners in pro se present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion.

In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. To proceed with a civil action each plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding *in forma pauperis*, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must *each* pay the full filing fee. *E.g.*, *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of

1  fees collected would exceed the amount permitted by statute for commencement of the action, in
2  violation of § 1915(b)(3).

3      To avoid the problems related to case-management and filing fees, permissive joinder of
4  the named plaintiffs in this action is denied.  With the exception of plaintiff Thomas Heilman, all
5  other plaintiffs are dismissed from this action.  Accordingly, Heilman's motion for a court order
6  allowing all plaintiffs to meet to discuss this case is also denied.

7      Plaintiff Thomas Heilman has requested leave to proceed in forma pauperis pursuant to
8  28 U.S.C. § 1915.  Dckt. No. 2.  The application makes the showing required by 28 U.S.C.
9  § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having
10 custody of plaintiff Heilman to collect and forward the appropriate monthly payments for the
11 filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

12     If plaintiff Heilman wishes to proceed with this action as an individual suit, he must file
13 an amended complaint that links specific acts or omissions by specific defendants to a
14 deprivation of his rights only, and not to a purported class of plaintiffs.  Any amended complaint
15 must adhere to the following requirements.

16     Any amended complaint shall identify each defendant in both the caption and the body of
17 the amended complaint, and clearly set forth the allegations against each such defendant.
18 Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include
19 "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

20     Any amended complaint must be complete in itself without reference to any prior
21 pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once
22 plaintiff files an amended complaint, the original pleading is superseded.

23     It must show that the federal court has jurisdiction and that plaintiff's action is brought in
24 the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must
25 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
26 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

4

*Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It appears plaintiff Heilman intends to pursue Eighth Amendment claims based on the alleged denial of out-of-cell exercise from March 2010 to March 2011. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff Heilman is also hereby informed of the following legal standards. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the alleged rights deprivation, as there is no respondeat superior liability under section 1983. *Jones*, 297 F.3d at 934. That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state such an Eighth Amendment claim, a prisoner must allege facts showing that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's

health or safety.  *Id.* at 834.

Accordingly, it is ordered that:

1.  Permissive joinder of the named plaintiffs in this action is denied.  With the exception of Thomas Heilman, all other plaintiffs – Rocky Bundesen, Wayne Shaver, Andre Supek, Monroe Cooper, Dewitt Williams, Curtis Powell, Anthony Arrington, David Habig, and Gus Lavierierre –  are dismissed from this action

2.  Plaintiff Heilman's August 3, 2011 motion for a court order to permit plaintiffs to meet is denied.

3.  Plaintiff Heilman's request to proceed in forma pauperis is granted.

4.  Plaintiff Heilman must pay the statutory filing fee of $350 for this action.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

5.  Plaintiff Heilman's complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a this action being dismissed.

Dated:  November 8, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE