IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS JOHN HEILMAN,

    Plaintiff,

vs.

G.A. THUMSER, et al.,

    Defendants.

No. 2:11-cv-1907 EFB P[1]

ORDER AND
FINDINGS AND RECOMMENDATIONS

---

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Defendants Coyle, Duncan, Tapiz, Van Heerde, and Cate ("defendants") move to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and to dismiss this action. Dckt. No. 37. For the following reasons, the motion must be denied.

Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] Defendants failed to respond to the court's order filed on November 26, 2012, Dckt. No. 33, directing that they complete and return the form indicating either their consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

>dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to section 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

Defendants bear the initial burden of producing documentary evidence that allows the court to conclude that the plaintiff has suffered three strikes. *Andrews*, 398 F.3d at 1120 (because docket records will not always reflect the basis for the dismissal, defendants "must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a prior dismissal should not count as a strike or show that he satisfies the "imminent danger of serious physical injury" exception to § 1915(g). *See id.*

In this case, defendants point to three orders of dismissal that they contend count as strikes under 28 U.S.C. § 1915(g). One of the three orders is from *Heilman v. Cate*, No. 2:10-cv-0828, MCE KJM (E.D. Cal.) ("*Cate*"). As plaintiff points out in his opposition, that action was not "brought" by him "in a court of the United States." *See* 28 U.S.C. § 1915(g) (indicating that a strike may only result from an action that the plaintiff "brought . . . in a court of the United States"). Rather, plaintiff commenced that action in state court and the defendants then removed it to federal court and paid the filing fee. *See Cate*, No. 2:10-cv-0828, MCE KJM, Dckt. No. 2; *see also* Dckt. No. 38, Ex. C. In their motion, defendants do not offer any argument as to why a case that was removed to federal court by defendants should qualify as a strike for purposes of § 1915(g). *See* Dckt. No. 37 at 5 (simply asserting that *Cate* is "within the statute" and counts as a strike because it was dismissed for failure to state a claim).

////

In their reply, defendants assert that whether an action was removed from state court has no "bearing on whether a dismissal counts as a strike," stressing that the critical inquiry is the reason for dismissal. Dckt. No. 42 at 2. But the reason for dismissal is only one of the inquiries in determining whether a dismissal counts as a strike. According to the plain language of § 1915(g), a strike may only result from an action that the plaintiff "brought . . . in a court of the United States." Defendants fail to demonstrate that the *Cate* action satisfies this requirement of § 1915(g). Accordingly, the court cannot find that the order of dismissal in *Cate* qualifies as a strike. *See Fuller v. Yates*, No. 1:08-cv-0465, 2011 U.S. Dist. LEXIS 76974, at *4 (E.D. Cal. July 14, 2011) ("the court finds no authority in the Ninth Circuit that a case filed by a prisoner-plaintiff . . . in state court and removed to federal court by the defendants, is an action 'brought' by a prisoner in a court of the United States, within the meaning of § 1915(g)"); *Davis v. Kelso*, No. 1:10-cv-1184 LJO GBC, 2011 U.S. Dist. LEXIS 101575, at *2 (E.D. Cal. Sept. 8, 2011) (case removed to federal court by defendants does not count as a strike); *see also Carrea v. California*, No. EDCV 07-1148 CAS (MAN), 2010 U.S. Dist. LEXIS 107902, at *23-24 (C.D. Cal. Aug. 25, 2010) (concluding that § 1915(g) had no application in a case removed to federal court by defendants, because it was their "removal of this case, not any action by plaintiff, [that] caused the action to be filed in federal court").

Because defendants have failed to demonstrate that the one of the three orders they rely on counts as a strike, they have not demonstrated that plaintiff has suffered three strikes pursuant to § 1915(g). The court need not decide whether the remaining two orders produced by defendants qualify as strikes.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

////

////

////

1    Further, IT IS HEREBY RECOMMENDED that defendants' January 25, 2013 motion to
2    revoke plaintiff's in forma pauperis status and to dismiss this action (Dckt. No. 37) be denied.
3    These findings and recommendations are submitted to the United States District Judge
4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
5    after being served with these findings and recommendations, any party may file written
6    objections with the court and serve a copy on all parties. Such a document should be captioned
7    "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
8    within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10   Dated: July 9, 2013.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE

4