UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:11-cv-1907-LKK-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G.A. THUMSER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendants Thumser, Dickinson, Cate, Duncan, Tapiz, Coyle, and Van Heerde violated his Eighth Amendment rights by either implementing or enforcing a policy that drastically reduced or eliminated his outdoor excise time and rehabilitation therapy from March 29, 2010 through March 8, 2011. *See* Oct. 11, 2012 Screening Ord., ECF No. 28. Plaintiff has submitted a subpoena duces tecum form requesting that it be served on a non-party by the U.S. Marshal. He has also moved to join additional plaintiffs in this action pursuant to Rule 19 of the Federal Rules of Civil Procedure. Plaintiff's requests, as discussed below, are denied.

**I.  Subpoena Duces Tecum**

Plaintiff has submitted a subpoena duces tecum form directed to non-party "California Department of Corrections and Rehabilitation at CMF-Vacaville Prison." ECF Nos. 57, 62. Plaintiff requests that the court order the U.S. Marshal to serve the subpoena because of his in forma pauperis status. *Id.* However, "the expenditure of public funds [on behalf of an indigent

1

litigant] is proper only when authorized by Congress . . . ." *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)).  Because the in forma pauperis statute does not authorize the expenditure of public funds for service of subpoenas, plaintiff's request for service of the subpoena by the U.S. Marshal, free of cost, must be denied.  *See* 28 U.S.C. § 1915; *Frazier v. Redding Police Dep't*, No. 2:11-cv-1351-AC, 2013 U.S. Dist. LEXIS 3568, at *1-2 (E.D. Cal. Jan. 8, 2013) ("fees/costs associated with subpoenas not waived based on plaintiff's in forma pauperis status," citing *Tedder*).

There are, however, "limited circumstances" under which a court might authorize personal service of a subpoena duces tecum by the U.S. Marshal on behalf of a pro se prisoner litigant proceeding in forma pauperis.  *Frazier*, 2013 U.S. Dist. LEXIS 3568 at *2; *see also Lopez v. Schwarzenegger*, Case No. S-09-cv-1760 MCE GGH, 2012 U.S. Dist. LEXIS 2957, at *21-22 (E.D. Cal. Jan. 9, 2012) (discussing the limitations on the court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff).  In issuing such a subpoena, the court must ensure that the party serving it takes "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  Mindful of this duty, the court notes that plaintiff's request does not show that the requested documents are not available to him and not obtainable from defendants through discovery.  Thus, plaintiff has not shown that he took reasonable steps to obtain the requested documents prior to requesting service of the subpoena.  Accordingly, this case does not fall within the limited circumstances under which a court might order the U.S. Marshal to serve a subpoena duces tecum.

For these reasons, plaintiff's request that the U.S. Marshal serve a subpoena duces tecum is denied.

**II.    Rule 19 Joinder Motion**

Plaintiff also moves pursuant to Rule 19 of the Federal Rules of Civil Procedure, to join nine additional inmate plaintiffs.  ECF No. 53.  The court previously explained to plaintiff, at length, that he could not join additional plaintiffs and that this action would proceed with plaintiff as the sole plaintiff:

/////

Heilman, who is incarcerated and proceeding pro se, cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (stating that a party must assert his own rights, not those of third parties) (citing *Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 80 (1978)); *Warth v. Seldin*, 422 U.S. 490, 499 (1974) ("The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'"); *see also Swygert v. Veal*, 2008 U.S. Dist. LEXIS 34655, 2008 WL 724193, at *3 (E.D. Cal. Mar. 17, 2008) ("It is well established that a layperson cannot ordinarily represent the interests of a class. . . . This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se."). Moreover, plaintiff has not complied with the requirements of Rule 23. This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff, Thomas Heilman.

The additional nine plaintiffs, who have filed declarations consenting to "being included" in this litigation, may not be joined in this action, and instead, must proceed with their own separate lawsuits. *See* Dckt. No. 1 at 23-30. Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). However, actions brought by multiple prisoners in pro se present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion.

In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. To proceed with a civil action each plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding *in forma pauperis*, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to

pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must *each* pay the full filing fee. *E.g.*, *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

To avoid the problems related to case-management and filing fees, permissive joinder of the named plaintiffs in this action is denied.

ECF No. 14 at 2-4. Plaintiff now contends that joinder is "required" under Rule 19. Joinder, however, is not required, as this action concerns plaintiff's rights only and additional plaintiffs need not be joined in order for the court to accord complete relief to the parties. Even if joinder was required, Rule 19(a) requires joinder only if "feasible." For the reasons quoted above, joinder of the additional plaintiffs is not feasible in this action. Therefore, plaintiff's motion for joinder is denied.

### III. Summary of Order

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the U.S. Marshal to serve a subpoena duces tecum (ECF Nos. 57, 62) and for the joinder of nine additional plaintiffs (ECF No. 53) are denied.

Dated: January 8, 2014.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

4