UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, | No. 2:11-cv-1907-LKK-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G.A. THUMSER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendants Cate, Coyle, Dickinson, Duncan, Tapiz, Thumser, and Van Heerde violated his Eighth Amendment rights. This order addresses seven motions filed by plaintiff, including four motions to compel, a motion to propound additional discovery, a motion to file a supplemental complaint, and a motion for sanctions. As stated below, all of plaintiff's motions are denied.

**I.    Background**

On September 10, 2013, the court issued a Discovery and Scheduling Order. ECF No. 51. It required that all discovery requests pursuant to Federal Rules of Civil Procedure 31, 33, 34, or 36 be served not later than October 7, 2013. *Id.* It also required that any motions to compel discovery and any motions to amend be filed by December 9, 2013. *Id.*

/////

1

On October 29, 2013, defendants requested an extension of time to answer plaintiff's interrogatories and requests for admission for defendant Cate, and interrogatories, requests for admission, and requests for production to defendant Dickinson. ECF No. 58. On October 31, 2013, the court granted the request, and required that defendants Cate and Dickinson's responses be due on or before December 19, 2013. ECF No. 59. Thereafter, defendants Cate and Dickinson sought a second, and then a third extension of time to serve their responses. ECF Nos. 65, 77. The court granted those requests, and ordered that their responses be due on or before February 1, 2014. ECF Nos. 68, 79.

## II.     Plaintiff's December 19, 2013 Motion to Compel (ECF No. 70)

On December 19, 2013, after discovery had closed, plaintiff filed a motion to compel defendants Thumser and Van Heerde to provide more complete and accurate responses to his request for production of documents. Thumser and Van Heerde's responses to plaintiff's requests, submitted as exhibits to plaintiff's motion, were timely served on plaintiff on October 30, 2013. ECF No. 70, Exs. D, E. Plaintiff's motion, however, is untimely, as discovery closed on December 9, 2013. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.[1] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff fails to demonstrate that good cause supports his implied request to modify the schedule. As such, his motion to compel must be denied as untimely.

## III.    Plaintiff's January 2, 2014 Motion to Compel (ECF No. 71)

In his second motion to compel, plaintiff requests an order compelling defendants Thumser and Van Heerde to provide more complete responses to his requests for admissions and

---

[1] The court notes that plaintiff is an active litigator in this court and has repeatedly been informed of this Rule 16 standard. *See, e.g., Heilman v. Lyons*, No. 2:09-cv-2721-JAM-KJN, 2013 U.S. Dist. LEXIS 12784, at *4 (E.D. Cal. Jan. 29, 2013) ("A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence."); *Heilman v. Chernis*, No. 2:11-cv-42-JAM-EFB, 2012 U.S. Dist. LEXIS 150342, at *5 (E.D. Cal. Oct. 18, 2012) (same); *Heilman v. Vojkufka*, No. 2:08-cv-2788-KJM-EFB, 2011 U.S. Dist. LEXIS 26004, at *14 (E.D. Cal. Feb. 17, 2011) (same).

interrogatories, and for defendants Tapiz and Coyle to provide more complete responses to his requests for admissions, interrogatories, and requests for production. Thumser, Van Heerde, Tapiz and Coyle timely served responses to these discovery requests on November 4, 2013. ECF No. 71, Exs. D, F, H, I, J, K, M, N; ECF No. 78, Brice Decl. ¶ 3. Like his first motion to compel, plaintiff's second motion to compel is denied as untimely.

### IV.  Plaintiff's January 21, 2014 Motion for Additional Discovery (ECF No. 80)

Plaintiff seeks leave of court to propound additional discovery on defendant Van Heerde. Plaintiff's motion is based on the ground that Van Heerde's discovery responses were allegedly incomplete and "mischaracterized" the facts. ECF No. 80 at 1-2. Essentially, plaintiff again seeks to compel further discovery responses from defendant Van Heerde. Plaintiff has not shown that good cause exists to modify the discovery and scheduling order. The motion is denied as untimely.

### V.  Plaintiff's Motion to File a Supplemental Complaint (ECF No. 84)

Plaintiff requests leave of court to file a supplemental complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Plaintiff wishes to supplement his complaint with "text" that he "transcribed from the original memorandum document authored by defendant M. Van Heerde . . . on or about February/March 2011." ECF No. 84 at 1-2.

A supplemental pleading adds allegations regarding an event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). The events discussed in plaintiff's proposed "supplement" to his complaint occurred *before* he filed his amended complaint on December 28, 2011. ECF No. 19. Thus, Rule 15(d) does not permit the requested addition to the complaint. Moreover, the deadline for filing motions to amend, as set by the scheduling order, was December 9, 2013. Plaintiff does not request modification of the schedule or otherwise show that good cause would justify such a modification. Plaintiff's motion to supplement the complaint is denied.

### VI.  Plaintiff's February 6 and 12, 2014 Motions to Compel (ECF Nos. 87, 88)

Plaintiff moves to compel defendant Cate to provide more complete responses to his interrogatories and requests for admissions. He also moves to compel defendant Dickinson to

3

provide more complete responses to his interrogatories, requests for admission, and requests for production. As noted, Cate and Dickinson were granted an extension of time, until February 1, 2014, to serve these responses on plaintiff. Given these circumstances, the court finds that good cause exists to modify the discovery deadline for the purpose of resolving the instant motions to compel.

As the moving party, plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of defendant's responses are disputed, (3) why he believes defendant's responses are deficient, (4) why defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action.[2] *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

According to plaintiff, nearly all of Cate and Dickinson's responses to his discovery requests are "vague, evasive, or misleading." ECF No. 87 at 4, 6. In an effort to "specify" how the responses are misleading or evasive, plaintiff merely reproduces defendants' response or notes that the defendant raised an objection. He does not attempt to explain the relevance of his requests. Nor does he explain how any of the responses or objections are deficient, and no obvious deficiencies stand out to the court. *See Masterson v. Campbell*, No. CIV S-05-0192 JAM DAD P, 2009 U.S. Dist. LEXIS 82067, at *6 (E.D. Cal. Sept. 1, 2009) ("The court will not review each of plaintiff's discovery requests and each of defendants' responses thereto in order to

---

[2] Court records reflect that plaintiff has previously been advised of these standards as well. *See Heilman*, 2012 U.S. Dist. LEXIS 150342, at *7; *see also Heilman v. Lyons*, No. 2:09-cv-2721-KJN, 2011 U.S. Dist. LEXIS 66365, at *4 (E.D. Cal. June 9, 2011) ("Plaintiff is further advised that, as defendants noted, plaintiff's dissatisfaction with the answers provided is not a sufficient basis on which to seek a motion to compel further responses. If plaintiff has evidence to impeach a defendant's response, he may do so at trial.")

determine whether any of the defendants' responses are somehow deficient."). Plaintiff does not satisfy his burden in moving to compel further responses by complaining generally that the responses are "not adequate." In addition, plaintiff's contention that there are inconsistencies among some of Cate's responses is not a matter properly resolved through a motion to compel. Any factual disputes must be resolved at trial. For all of these reasons, plaintiff's motions to compel are denied.

### VII. Plaintiff' Motion for Sanctions (ECF No. 90)

Lastly, plaintiff seeks Rule 37(c) sanctions against defense counsel for his alleged abuse of the discovery process. As set forth above, all five of plaintiff's discovery motions are denied. The court finds no cause for sanctions, and plaintiff's motion for such is denied.

### VIII. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's discovery motions (ECF Nos. 70, 71, 80, 87, 88) are denied.
2. Plaintiff's motion to file a supplemental pleading (ECF No. 84) is denied.
3. Plaintiff's motion for sanctions (ECF No. 90) is denied.

DATED: April 1, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5